B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

Northern District Of Illinois

In re  Anthony Concialdi
Chrystine Concialdi

Case No. 18-82270

**Debtor**

Chapter 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,850.00

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $ 1,850.00

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

2. The source of the compensation paid to me was:

   [x] Debtor       [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [ ] Debtor       [ ] Other (specify)

4. [x] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

> Adversary Complaints; Credit Bureau investigations; lien waiver litigation; redemption litigation; vacating judgment liens; and anything other than preparing schedules, statement of financial affairs, and attending the 341 meeting.

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

11-20-18
Date

Signature of Attorney

Hampilos + Associates, Ltd.
Name of law firm

## ADVANCE PAYMENT RETAINER
## CHAPTER 7 BANKRUPTCY SERVICES

This agreement is executed this 22nd day of October, 2018.

**Type of Bankruptcy**

Client retains HAMPILOS & ASSOCIATES, LTD. to file a Chapter 7 bankruptcy. If the client determines at a later date that client desires to file a Chapter 13 bankruptcy, the parties shall execute a new fee contract setting forth the terms of such representation.

2. **Services Provided by Attorney:**

Contingent upon being paid for the services as specified below, the Attorney shall provide the following legal services for the client: Preparation and filing of Chapter 7 Petition in Bankruptcy.

3. **Fees**

Fees and costs amount to $1,850.00, to be paid prior to filing and within six months of the date of this agreement. The amount of the filing fee may increase, as determined by Congress.

Additional costs required on a case-by-case basis include:

    a). Mandatory prepetition credit counseling and post-petition financial education (all cases).

    b). Tax transcripts.

    c). Credit report (recommended that client obtains one if they do not know who they may owe money to).

If the fees are not paid as stated above and as a result the amount of legal service to be provided by the attorney and/or his staff is increased, the fee shall be increased accordingly to compensate the Attorney for the additional time and expense in providing the legal services.

4. **Terms of Payment**

    a). The fees shall be paid in full prior to the filing of the bankruptcy.

    b). Client has paid $1,850.00 as a retainer fee.

    c). Any portion of the retainer that has not been earned, or required for expenses, will be refunded to the Client.

5. **Services Not Provided Under the Base Fee**

Representation does not include defense of discharge or dischargeability proceedings, redemption proceedings, dismissal proceedings, reinstatement proceedings, judicial lien avoidances, post-petition amendments, relief from stay actions or other adversary proceedings or attendance at continued meeting of creditors, preparation of motion to approve reaffirmation agreement (when in sole discretion of attorney a reaffirmation motion is required).

6. **Compensation For Services Not Covered Under Base Fee**

    a). Fees for additional services shall be paid at: $285.00 per hour plus costs (when applicable).

    b). $100.00 for preparation and filing of each amendment to the bankruptcy Schedules or Statement of Financial Affairs.

    c).     $100.00 for preparation and filing of motion for court approval of reaffirmation agreement, and attendance at hearing if required by the court.

    d).     $750.00 for motion to reopen Chapter 7 case if Client fails to satisfy post-petition financial education requirements.

    e).     The Client understands that if the Client does not pay the fees as set forth above, the Attorney has no obligation to provide the services, and has the right to file a motion to withdraw as the attorney for the Client.

7. **Client's Obligations**

The Client's Obligations are as follows:

    a).     To pay the fees as set forth above.

    b).     To provide accurately, honestly and in a timely manner, all the information including all documents necessary to prepare and file the Chapter 7 bankruptcy.

    c).     To satisfy prepetition credit counseling and postpetition financial education requirements.

    d).     To keep the Attorney advised at all times of the Client's address and telephone numbers.

    e).     To attend the 341 Creditors Meeting and other hearings set in the case as advised by Attorney.

    f).     To provide any information requested of the Client by the Chapter 7 trustee, the U.S. Trustee, or any other party in interest, unless the Court rules that the Client is not required to provide the information.

    g).     To respond immediately to any requests of the Client by the Attorney or the Attorney's staff.

8.     **Advanced Payment Retainer**. This agreement is an Advanced Payment Retainer. The retainer will not be held in the Attorney's client trust account. The retainer immediately becomes the property of the Attorney, and is deposited into the Attorney's general account. The purpose of the Advanced Payment Retainer is to prevent any third-party judgment creditors from attempting to garnish, or otherwise attach, the retainer paid by the Client. If the retainer were to be deposited into the client trust account, the funds would not be protected from such garnishment or attachment since, legally, they would still be the property of the Client. The Client has the option to employ a security retainer, provided, however, that if the Attorney is unwilling to represent the Client without receiving an advance payment retainer, this agreement shall so state and provide the Attorney's reasons for that condition.

9.     **Signature**

_____
George P. Hampilos
HAMPILOS & ASSOCIATES, LTD.

_____
Client

_____
Client

Client acknowledges receiving a copy of this Advance Payment Retainer.

We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.